UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

and

TONY SMITH,

        Plaintiff-Intervenor,

Case No. 04-CV-73813
HON. GEORGE CARAM STEEH

vs.

WOLVERINE BRONZE COMPANY and
WILLIAM SMITH,

        Defendant.

_____/

### ORDER GRANTING PLAINTIFF SMITH'S MOTION (#18) FOR LEAVE TO FILE FIRST-AMENDED COMPLAINT IN INTERVENTION TO ADD A CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff-Intervenor Tony Smith moves for leave to file a First Amended Complaint in Intervention to add a claim of intentional infliction of emotional distress. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Plaintiff Equal Opportunity Employment Commission filed a complaint on September 29, 2004 alleging defendant Wolverine Bronze Company ("WBC") is liable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for subjecting plaintiff-intervenor Tony Smith to a racially hostile work environment created in part by supervisor/WBC co-owner William Smith. Pursuant to a stipulation of the parties, Tony Smith filed his own "Complaint In Intervention" on December 28, 2004, alleging additional claims against WBC

and WBC's Vice President William Smith of race discrimination and unlawful retaliation in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. §§ 37.2101 et seq., violation of 42 U.S.C. § 1981, and assault and battery. Tony Smith filed his instant motion for leave to add a claim of intentional infliction of emotion distress against WBC, alleging WBC is vicariously liable for the alleged extreme and outrageous conduct of defendant William Smith, Plant Foreman Mark Wutkie, and co-workers Mark Smith and Jay Kowalke.

Defendants argue the proposed claim of intentional infliction of emotion distress would not survive a motion to dismiss, and should therefore be denied as futile, because the threshold for alleging requisite "extreme and outrageous conduct" is extremely high. Defendants assert that claims involving more egregious conduct have failed in Michigan as a matter of law, citing Norris v. State Farm Ins. Co., 229 Mich App. 231, 240, 581 N.W.2d 746 (1998) and Meek v. Michigan Bell Telephone Co., 193 Mich. App. 340, 483 N.W.2d 407 (1992). Defendants also assert that the proposed intentional infliction of emotional distress claim as alleged against WBC is futile because an employer cannot be held vicariously liable for intentional torts committed by its employees as a matter of Michigan law.

Leave to amend a complaint is to be freely granted when justice so requires. See Fed. R. Civ. P. 15(a). Absent bad faith or dilatory motive on the part of the movant, leave to amend should be granted unless it would not survive a motion to dismiss. Foman v. Davis, 371 U.S. 178, 182 (1962); Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041-42 (6th Cir. 1991); Head v. Jellico Hous. Auht., 870 F.2d 1117, 1124 (6th Cir. 1989). In deciding a motion to dismiss, the court accepts the allegations as true, and may properly dismiss a claim only if the plaintiff can prove no set of facts which would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Accepting the allegations in Tony Smith's proposed First Amended Complaint as

true, the court is unpersuaded by defendants' argument at this early stage of these proceedings that Tony Smith cannot ultimately prove a set of facts which would entitle him to recover on a claim of intentional infliction of emotional distress. Norris and Meek were both decided on motions for summary disposition after full development of a factual record. See Norris, 229 Mich App. at 234, 240 (finding allegation that plaintiff-employee was told she was fired "because you're handicap [sic]" insufficient to support intentional infliction of emotional distress claim where plaintiff proffered sufficient evidence to survive summary disposition of her Michigan Handicapper's Civil Rights Act claim); Meek, 193 Mich. App. at 346 (summarizing Meek plaintiff's deposition testimony as being insufficient to support a requisite finding of extreme and outrageous conduct). Likewise, the court is unpersuaded that Tony Smith cannot prove a set of facts that would support a finding of vicarious liability against corporate defendant WBC for the alleged intentional torts committed by defendant William Smith, Wutkie, Mark Smith and/or Kowalke. See Zsigo v. Hurley Medical Center, No. 240155, 2004 WL 952816 (Mich. Ct. App. May 4, 2004) (recognizing that employer may be held vicariously liable for intentional tort of an employee if facts demonstrate the employer did more than create a "mere opportunity" to commit a tort in the workforce). Tony Smith alleges that defendant William Smith is a Vice President and part-owner of WBC, that Wutkie was a supervisory Plant Foreman, that William Smith, Wutkie, Mark Smith, and Kowalke repeatedly made racial slurs to plaintiff, and that defendant William Smith and direct supervisor Ken Littlejohn took no corrective action on behalf of WBC. Plaintiff specifically alleges inter alia that WBC Vice President Smith: "told Plaintiff he was surprised he would complain about racial harassment after lending him money"; "told Plaintiff that as long as Kowalke and Wutkie were not signing his paychecks, he was not to worry about their conduct"; "told Plaintiff nobody was 'shackled' there and if he did not like it he could leave"; "told Plaintiff that the police did not question him about his dark tinted

3

windows because he was not 'the wrong color'"; "told Plaintiff he should not speak with other employees if Plaintiff was only going to complain about racial slurs and harassment;" "followed Plaintiff around the plant, throwing metal bolts at him, and kicking or tripping Plaintiff while he was trying to work," and; "pulled a plastic garbage bag over Plaintiff's head and torso, telling him 'We were going to have a blanket party for you.'"  Consistent with these allegations, plaintiff could proffer factual evidence after discovery demonstrating that WBC did more than give William Smith, Wutkie, Mark Smith, and/or Kowalke a "mere opportunity" to commit intentional torts in the workplace.  Zsigo, supra.

Discovery does not close until October 3, 2005.  See February 22, 2005 Scheduling Order, at 1.  It is not impossible for plaintiff-intervenor to develop a factual record within the remaining time supporting his proposed claims of intentional infliction of emotional distress. Conley, 355 U.S. at 45-46.  Consequently, the court is not persuaded that granting leave to file the amended claims would be futile.  Foman, 371 U.S. at 182; Sinay, 948 F.2d at 1041-42; Head, 870 F.2d at 1124.  In closing, the court makes clear that it expresses no opinion as to the ultimate merits of the amended claims.

Plaintiff-Intervenor Tony Smith's motion for leave to file a First Amended Complaint in Intervention to add a claim of intentional infliction of emotional distress is hereby GRANTED.

SO ORDERED.

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

Dated:  April 27, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on April 27, 2005, by electronic

and/or ordinary mail.

                                              s/Josephine Chaffee
                                              Secretary/Deputy Clerk