UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,          Case No. 04-73813

and

                              Hon. George Caram Steeh

TONY B. SMITH,          Mag. Virginia M. Morgan

        Plaintiff-Intervenor,

v.

WOLVERINE BRONZE COMPANY and
WILLIAM SMITH, jointly and severally,

        Defendants.
_____/

| | |
|---|---|
| Adele Rapport  (P44833) | Barry S. Fagan  (P34275) |
| Robert K. Dawkins  (P38289) | J. Ryan Milligan  (P64906) |
| Dale Price  (P55578) | Dib, Fagan and Brault, P.C. |
| Equal Employment Opportunity Commission | Attorneys for Intervening Plaintiff |
| Detroit District Office | 25892 Woodward Avenue |
| Attorneys for Plaintiff | Royal Oak, MI  48067-0910 |
| 477 Michigan Avenue, Room 865 | (248) 542-6300 |
| Detroit, MI 48226 | |
| (313) 226-6701 | |

Karin M. Young  (P55808)
Kevin T. Sutton  (P65364)
Keller Thoma
Attorneys for Defendant
440 East Congress, 5th Floor
Detroit, MI  48226-2918
(313) 965-7610
_____/

**CONSENT DECREE**

1

**AGREEMENT**

The provisions of this Decree will apply to all Wolverine Bronze-affiliated companies in which William Smith, Sr. ("Smith"), has an ownership interest, and the employees working for Wolverine Bronze or the affiliated companies. Nothing in this Decree, however, is intended to relieve Wolverine Bronze or Smith from compliance with all applicable requirements of law, and Wolverine Bronze and Smith will comply with all applicable requirements of law prohibiting the creation, maintenance or toleration of a racially hostile or intimidating work environment.

**JURISDICTION AND VENUE**

1.      The Commission is the agency of the United States vested with the authority to investigate claims of discrimination under Title VII of the Civil Rights Act of 1964, as amended.

2.      At all times relevant to the institution of this lawsuit, Wolverine Bronze and its affiliated companies have been an employer within the meaning of Title VII, and have continually employed in excess of one hundred (100) employees.

3.      At all times relevant to the institution of this lawsuit, Wolverine Bronze has been an employer participating in commerce in the State of Michigan, City of Roseville.

**AFFIRMATIVE RELIEF**

4.      Wolverine Bronze agrees to pay Tony Smith the amount of One Hundred Thousand Dollars and No Cents ($100,000.00). Payment shall be designated as damages and Wolverine Bronze will not deduct withholding taxes from such payment but will instead issue a Form 1099. Payment of taxes will be the sole responsibility of Tony Smith. Payment shall be made by check made payable to the individual claimant and mailed to the home address listed in Wolverine Bronze's personnel

records or as provided by the Commission.  A copy of each check or a written report showing payment made to the employee should be sent to Adele Rapport, Regional Attorney, Equal Employment Opportunity Commission, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226. Further, said payment will be made in conjunction with and in concurrence with the Settlement Agreement and Release of All Claims entered into by Wolverine Bronze and Tony B. Smith.

**EQUITABLE RELIEF**

5.Wolverine Bronze is enjoined from creating, maintaining, tolerating, or condoning racial harassment at Wolverine Bronze or any affiliated company.

6. Wolverine Bronze agrees that it will fully investigate all complaints of race harassment. Such investigations shall begin as soon as reasonably possible after Wolverine Bronze's receipt of a complaint, usually no later then forty-eight (48) hours after receipt.

**REPORTING OF COMPLAINTS**

7.Wolverine Bronze will designate a specific telephone number for employees to report incidents of alleged harassment, including racial harassment or intimidation.

8.The following terms shall apply to calls to the specific telephone number wherein a person states that he/she works at Wolverine Bronze or an affiliated company.  In receiving any reports of alleged racial harassment or intimidation, the person serving as Human Resources Manager will make all reasonable efforts to honor any request of either total anonymity or any request that the employee's identity not be shared by the Human Resources Manager with anyone else.  Depending on the nature of the incident reported, however, the Human Resources Manager will advise the employee making the report that a full investigation may be difficult or impossible if the report

remains anonymous, and the Human Resources Manager may request disclosure of the employee's identity. At the time an incident of alleged racial harassment or intimidation is reported, the Human Resources Manager shall inform the employee of the availability of counseling as set forth in this Consent Decree and will inform the employee of his/her right to contact the Commission and/or Michigan Department of Civil Rights. The option for an employee to report any incident of alleged racial harassment or intimidation or to provide information about such an incident to the Human Resources Manager available through the specific telephone number is not exclusive. An employee may also report a complaint to his/her supervisor or manager.

9.      The Human Resources Manager will maintain a record of all reports to the toll-free number, which shall set forth the name of the employee, if given, the date and substance of the report, the responsive action taken and the reason the investigation did not commence within forty-eight (48) hours after receipt, if applicable. These reports will be kept confidential to protect the identity of any employee requesting anonymity, but copies of all reports on calls from employees will be provided to the Commission on a quarterly basis during the term of this Decree.

10.     For purposes of this Decree, a "complaint" shall mean a specific allegation addressed to a supervisor or manager, Human Resources personnel or via the specific telephone number, by an employee alleging that the employee has been subjected to or has witnessed, or has specific information about another employee's being subjected to a specified instance of racial harassment or racial intimidation.

## **DISCIPLINARY ACTION**

11. Any member of management or any employee determined by Wolverine Bronze, after a full investigation, to have initiated, actively participated or condoned an incident of racial harassment or intimidation, and/or encouraged intimidation, from the execution and up to the expiration of this Decree, shall be disciplined, up to and including termination from employment.

12. Any member of management or any employee determined by Wolverine Bronze, after a full investigation, to have harassed, threatened or intimated an individual because they assisted or participated in these proceedings shall be discharged.

## TRAINING

13. The Commission acknowledges that Wolverine Bronze has provided racial harassment training in the last year. Wolverine Bronze shall provide one additional session of diversity and anti-harassment training, including training regarding Title VII and its prohibition against racial harassment or intimidation to all existing and subsequently hired employees at Wolverine Bronze as set forth below. Ms. Adele Rapport will be invited to attend the training sessions and address the employees if the Commission deems appropriate. The training shall include an explanation of Title VII and its prohibitions against racial harassment or intimidation, the responsibilities of managerial personnel who are informed of incidents of harassment, and the prohibition against retaliating against anyone who alleges an incident of racial harassment or intimidation. The training session will include all management and employees. Topics will include racial harassment, hostile work environment and discipline and consequences.

14. The training shall address the methods for reporting an incident of racial harassment or intimidation, including the fact that there is a designated telephone number for anonymous reporting

of such incidents and any information relative to those incidents.  The training shall explain to employees that, in addition to reporting an incident to the employer, they have a right to file a charge of discrimination with the Commission and/or the Michigan Department of Civil Rights, and shall explain where such charges can be filed and the applicable time frame for doing so.  In addition, employees will be advised that they may contact Commission attorneys Adele Rapport or Dale Price at 477 Michigan Avenue, Room 865, Detroit, Michigan 48226 or by telephone at (313) 226-6701 or (313) 226-7808, respectively.

15.     The training shall inform attendees that if the investigation finds that an employee has engaged in conduct that violates Wolverine Bronze's anti-harassment policy:  (i) penalties will depend on the nature of the offense, (ii) any and all breaches of its anti-harassment policy are considered serious, and (iii) appropriate discipline will be imposed even for a first offense, ranging from a verbal warning, up to and including discharge.

16.     The training shall inform the employees that if the investigation finds that an employee has threatened, harassed or intimidated an individual because they assisted or participated in these proceedings, they will be discharged.

17.     The Commission shall have the right to review the diversity and anti-harassment training utilized by Wolverine Bronze to assure that it contains the components set forth in the above paragraphs.

18.     Wolverine Bronze shall invite Ms. Adele Rapport in writing to the training session which shall take place within one year of the entry of the Decree.

19.     For the duration of this Decree, Wolverine Bronze will keep a record of the employees who receive the training.  Wolverine Bronze will retain signed rosters of attendees containing the dates of the training and will provide copies to the EEOC consistent with Paragraph 27 below.

## NON-RETALIATION

20.     Wolverine Bronze shall comply with all laws prohibiting discrimination and retaliation against any employee who exercises such employee's rights under section 704(a) of Title VII.  Specifically, Wolverine Bronze shall not discriminate or retaliate against any individual who initiates, participates or cooperates in the Civil Action or the Charge of Discrimination that resulted in the Civil Action; nor discriminate or retaliate against an individual for raising an allegation of any racially hostile incident, or who participates in any investigation of such incident.

## DISPUTE RESOLUTION

21.     If at any time during the term of this Decree there is a dispute between the Commission and Wolverine Bronze concerning an issue associated with this Decree, the parties will meet in a good faith effort to resolve the dispute.  If the dispute remains unresolved, either party may seek relief from this Court, which will maintain jurisdiction throughout the life of this Decree.  In addition, this Court will maintain jurisdiction over any and all compliance issues associated with this Decree.

## POSTING OF NOTICE

22.     Within ten (10) days of the execution of this Decree, Wolverine Bronze shall post the notice attached as Exhibit A at the place where notices are customarily posted at Wolverine Bronze and all of the affiliated companies.  The notice shall remain posted for two years.  In the event that the

notice becomes defaced, marred or otherwise unreadable, Wolverine Bronze shall immediately post a readable copy in the same manner. Wolverine Bronze shall make the notice available for inspection by the Commission upon reasonable notice to Wolverine Bronze.

## FINAL DISPOSITION

23.     The parties agree that the entry of this Decree constitutes a final and binding settlement and disposition of any and all claims alleged by the Commission in Civil Action Number 04-73813. This Decree fully resolves and settles all issues, claims and allegations that are contained in, relate to or arise in connection with this Action. The Commission agrees to execute a stipulation of dismissal of this action with prejudice upon execution of this Consent Decree by Wolverine Bronze; provided, however, that this Court will maintain jurisdiction over any and all compliance issues associated with this Decree.

## NON-ADMISSION OF LIABILITY

24.     The parties agree that neither this Decree nor any of the actions taken pursuant to this Decree, shall constitute or be construed as an admission of liability or wrongdoing of any kind by Wolverine Bronze. All such liability and wrongdoing are expressly denied by Wolverine Bronze.

25.     This Consent Decree, being entered into with the consent of the parties, shall not constitute an adjudication or finding on the merits of the case. The parties agree that this Consent Decree shall not be used in evidence in any proceeding other than one arising out of this Decree or any related Settlement Agreement and Release.

## SEVERABILITY

26. If any provision of this Decree is found to be unenforceable by a court of competent jurisdiction, only the specific provision in question shall be affected, and the other enforceable provisions shall remain in full force and effect.

## REPORTING REQUIREMENTS

27. Any documents or information required to be submitted by Wolverine Bronze to the Commission pursuant to the terms of this Decree shall be addressed to Adele Rapport, Regional Attorney, Equal Employment Opportunity Commission, Detroit District Office, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

28. Within seven (7) days of the execution of this Decree, Wolverine Bronze shall inform the Commission in writing of an officer or upper level manager of Wolverine Bronze (with the exception of William Smith, Sr.) who will serve as its representative under this Consent Decree and who will be responsible for assuring that the terms of this Decree are met.

## TERM OF DECREE

29. This Decree shall remain in effect for two (2) years from the date of its execution by Wolverine Bronze.

## CONCLUSION

30. The terms of this Decree have been fully reviewed by the appropriate officials of the Commission and Wolverine Bronze, and both the Commission and Wolverine Bronze enter into the Decree knowingly and voluntarily, with a firm understanding of both the rights they are giving up and the obligations they are undertaking by this Decree.

WOLVERINE BRONZE

By: _s/_Richard A. Smith__
Its: President

| | |
|---|---|
| _s/Dale Price_____ | _____s/Thomas Fleury_____ |
| ADELE RAPPORT (P44833) | THOMAS FLEURY (P24064) |
| ROBERT K. DAWKINS (P38289) | KELLER THOMA, P.C. |
| DALE PRICE (P55578) | 440 E. CONGRESS, 5TH FLOOR |
| EQUAL EMPLOYMENT OPPORTUNITY | DETROIT, MI 48226 |
| COMMISSION | (313) 965-7610 |
| 477 Michigan Avenue, Rm. 865 | ATTORNEYS FOR DEFENDANT |
| Detroit, Michigan 48226 | WOLVERINE BRONZE |
| (313) 226-5673 | |

The foregoing Consent Decree is approved and adopted as the Order and Judgment of the Court this 9th day of November, 2005.

_s/George Caram Steeh_____
HON. GEORGE CARAM STEEH
United States District Judge

**DRAFT**

**EXHIBIT A**

**NOTICE TO ALL EMPLOYEES**

This Notice is being posted as a result of a Consent Decree entered between the United States Equal Employment Opportunity Commission and Wolverine Bronze in the case of <u>E.E.O.C. v. Wolverine Bronze Company</u>, Eastern District of Michigan Case No. 04-73813, to inform you of your rights guaranteed by federal law under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et. seq. ("Title VII"). Title VII prohibits harassment of any employee on the basis of race with regard to any term or condition of employment including hiring, layoff, recall, promotion, discharge, pay and fringe benefits or as a result of retaliation for the exercise of protected rights or opposition to unlawful employment practices. This Notice is posted as part of a resolution to a lawsuit filed by the U.S. Equal Employment Opportunity Commission on behalf of an employee who alleged that he suffered harassment because of his race. Wolverine Bronze denies that it discriminated in any way against the employee, and guarantees that it will not discriminate against employees because of their race, nor will it retaliate against employees who testified in the case or participated in the E.E.O.C. investigation.

The United States Equal Employment Opportunity Commission is the federal agency which investigates charges of unlawful employment discrimination and, if necessary, files lawsuits in federal court to enforce the anti-discrimination provisions of Title VII. Any employee who believes that he/she is the victim of discrimination or retaliation has the legal right to file a charge of discrimination with the U.S. Equal Employment Opportunity Commission.

Wolverine Bronze supports and will comply with this federal law in all respects. Wolverine Bronze will not take any action against any employees because they have exercised their rights under Title VII.

_10/31/05_____  ___/s/____Richard A. Smith_____
Dated  Wolverine Bronze Company